UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CALVIN WEDINGTON,<br><br>      Plaintiff,<br><br>v.<br><br>BUREAU OF PRISONS, and<br>W.I. LeBLANC,<br><br>      Defendants. | Civil 05-1378 (JRT/FLN)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff commenced this action on July 12, 2005, by filing two self-styled submissions that the Clerk of Court treated as a civil complaint. (Docket Nos. 1 and 2.) Plaintiff did not tender the $250 filing for this action, as required by 28 U.S.C. § 1914(a), but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 3.) This Court examined Plaintiff's IFP application and found that he had not adequately demonstrated that he was indigent and could not afford to pay the $250 filing fee. Therefore, by order dated July 20, 2005, (Docket No. 5), Plaintiff's IFP application was denied.

The Court's prior order informed Plaintiff that although he would not be granted IFP status, he could still maintain this action if he paid the statutory filing fee. Plaintiff was advised that if he intended to pursue his claims in this action as a non-IFP litigant, he would have to pay the full $250 filing fee within twenty days. Plaintiff was further advised that if he did not pay the $250 filing fee within twenty days, it would be recommended that his action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

The deadline for paying the filing fee established by the Court's prior order has now passed, and Plaintiff has not tendered any payment. Plaintiff did file a new IFP application, (Docket No. 6), but the financial information set forth in that new application is not materially different from the information provided by Plaintiff's original IFP application. Therefore, it is now recommended that Plaintiff's new IFP application be denied; and it is further recommended, in accordance with the Court's prior order, that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Finally, the Court notes that Plaintiff has recently filed a document entitled "motion of continuance appointment of counsel." (Docket No. 7.) Given the Court's recommendation that this action be dismissed pursuant to Rule 41(b), that motion should also be denied.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's second application to proceed in forma pauperis, (Docket No. 6), be DENIED;

2. Plaintiff's "motion of continuance appointment of counsel," (Docket No. 7), be DENIED; and

3. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: August 24, 2005         *s/ Franklin L. Noel*
                               FRANKLIN L. NOEL
                               United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 13, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.