UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CALVIN WEDINGTON, | Civil No. 05-1378 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER** |
| BUREAU OF PRISONS and<br>W.I. LeBLANC, | |
| Defendants. | |

Plaintiff Calvin Wedington, a prisoner at the Federal Medical Center in Rochester, Minnesota, commenced this action on July 12, 2005.  In a Report and Recommendation dated August 25, 2005, United States Magistrate Judge Franklin L. Noel recommended dismissing plaintiff's action.  Plaintiff has filed the following: Objection to the Magistrate Judge's Report and Recommendation, Motion of Legal Theory, Motion for Subpoena Duces Tecum, Motion for En Banc 2253 Hearing[1], and Motion for Summary Judgment.  The Court has conducted a *de novo* review of plaintiff's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b).  For the reasons set forth below, the Court overrules plaintiff's objection and adopts the report and recommendation of the

---

[1] The Court notes that although plaintiff filed a "Motion for En Banc 2253 Hearing," plaintiff does not claim to have ever filed a habeas petition in any court, nor is there anything in the record to indicate that plaintiff has filed a habeas petition, as would be expected from a party seeking an appeal under § 2253.

Magistrate Judge, and dismisses the action without prejudice. The Court therefore denies plaintiff's remaining motions as moot.

## BACKGROUND

Plaintiff commenced this action and applied for leave to proceed in forma pauperis ("IFP application"). According to plaintiff's IFP application, however, plaintiff earns in excess of $100,000 per year, rendering him ineligible to proceed in forma pauperis. By Order dated July 21, 2005, the Magistrate Judge denied plaintiff's IFP application because he had not demonstrated that he was indigent, but granted plaintiff twenty days to pay the usual $250 filing fee and maintain his action.[2] The Court also noted that, even if plaintiff did pay the filing fee, his complaint would be subject to the screening provision of 28 U.S.C. § 1915A.

Plaintiff then filed a second IFP application and a motion to appoint counsel. In a report and recommendation, the Magistrate Judge recommended denying the IFP application and the motion to appoint counsel because plaintiff continued to state that he earned in excess of $100,000 per year. Plaintiff did not pay the required filing fee.

## ANALYSIS

Plaintiff objects to the report and recommendation, but he has never explained why he is unable to pay the filing fee, in light of his asserted income. Moreover, even if the Court granted plaintiff's IFP application, the Court would dismiss plaintiff's

---

[2] Although the Court expresses doubt regarding the accuracy of plaintiff's asserted income, the Court cannot find him to be indigent based on plaintiff's representations.

complaint without prejudice under the screening provision of 28 U.S.C. § 1915A. Under 28 U.S.C. § 1915A, the Court shall screen a complaint in a civil action in which a prisoner seeks redress from a governmental entity, and shall dismiss the complaint if the complaint fails to state a claim upon which relief may be granted.

In his complaint, plaintiff asserts a number of apparently unrelated factual allegations, including circumstances related to his prior employment and conditions of his confinement. Viewing the allegations in the light most favorable to plaintiff, the Court is nevertheless unable to discern a claim upon which relief may be granted.

Accordingly, because plaintiff has failed to explain why he is unable to pay the filing fee in light of his purported income, and because plaintiff's complaint does not to state a claim upon which relief may be granted, the Court dismisses plaintiff's complaint without prejudice. In addition, because the Court is adopting the report and recommendation and dismissing the complaint, the Court need not address plaintiff's remaining motions, and therefore denies those motions as moot.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 11] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 9]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for leave to proceed in forma pauperis, [Docket No. 6] is **DENIED**.

2. Plaintiff's motion for appointment of counsel [Docket No. 7] is **DENIED.**

3. Plaintiff's complaint [Docket No. 1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that:

1. Plaintiff's motion of legal theory [Docket No. 10] is **DENIED as moot**,

2. Plaintiff's motion for subpoena duces tecum [Docket No. 12] is **DENIED as moot**,

3. Plaintiff's motion for en banc 2253 hearing is **DENIED as moot** [Docket No. 13], and

4. Plaintiff's motion for summary judgment [Docket No. 15] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: February 9, 2006          s/ John R. Tunheim
at Minneapolis, Minnesota.          JOHN R. TUNHEIM
         United States District Judge